UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                    :

CRYSTAL POOL AS,                      :

                          Petitioner,   :

               -v-           :

TREFIN TANKERS LTD.,        :

                    Respondent. :
--------------------------------------------------------X

No. 12 Civ. 9417 (RA)

OPINION AND ORDER

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/14

RONNIE ABRAMS, United States District Judge:

Before the Court is a petition to compel arbitration of a maritime contract dispute. Petitioner Crystal Pool AS alleges that Respondent Trefin Tankers Limited failed to pay money due on six invoices. Invoking an arbitration clause in the contracts at issue, Crystal Pool appointed an arbitrator in October 2012 and twice requested that Trefin Tankers appoint its own arbitrator. Receiving no response, Crystal Pool filed this action on December 27, 2012. The Court hereby grants Crystal Pool's petition and orders the parties to submit their dispute to arbitration.

## BACKGROUND

In March and May of 2012, Crystal Pool, a Norwegian corporation, and Trefin Tankers, a Greek corporation, entered into two charter parties.[1]  (Daly Aff. ¶¶ 3, 7, Exs. 2, 5; Pet. ¶¶ 2-3.) Pursuant to the charter parties, Trefin Tankers leased the M/V Crystal Ambra and the M/V Bow Balearia from Crystal Pool, their disponent owner,[2] to transport shiploads of petrochemicals from

---

[1] "A charter party is a contract by which an entire ship or some principal part thereof is let to a merchant . . . . The term charter party . . . refers to the document in which the terms and conditions of the lease of a vessel by an owner to a charterer are set out." Great Circle Lines, Ltd. v. Matheson & Co., Ltd., 681 F.2d 121, 124 (2d Cir. 1982) (citation and internal quotation marks omitted).

[2] "A 'disponent' shipowner does not own the vessel but leases or otherwise obtains it for the necessary shipping period." Belship Navigation, Inc. v. Sealift, Inc., No. 95 Civ. 2748 (RPP), 1995 WL 447656, at *7 n.1 (S.D.N.Y. July

Augusta, Italy to Rotterdam, the Netherlands. (Daly Aff. ¶¶ 3, 7, Exs. 2-3, 5-6.) Crystal Pool alleges that it performed all of its duties under the charter parties. (Pet. ¶¶ 6, 14.) It further alleges that it sent Trefin Tankers six invoices between March 19, 2012 and June 29, 2012 for items such as freight, cost, and demurrage, but that the invoices were never paid. (Daly Aff. ¶¶ 5-6, 9-10, Exs. 4, 7; Pet. ¶¶ 7, 15.)

Both of the charter parties incorporate the terms of the ExxonMobil VOY2005 standard form charter party, which contains a clause providing that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York." (Daly Aff. ¶ 2, Ex. 1 ¶ 35, Ex. 2 at 5, Ex. 5 at 5; Pet. ¶ 5.) On October 12, 2012, Crystal Pool commenced arbitration to obtain payment for the unpaid invoices by appointing an arbitrator, notifying Trefin Tankers of the appointment, and requesting that Trefin Tankers appoint its own arbitrator.[3] (Pet. ¶¶ 8, 16, Exs. 1, 3.) Receiving no response, on November 12, 2012, Crystal Pool again requested that Trefin Tankers appoint an arbitrator. (Pet. ¶¶ 9, 17, Exs. 2, 4.) Trefin Tankers never responded to the requests and has not appointed its own arbitrator. (Pet. ¶¶ 10-11, 18-19.)

On December 27, 2012, Crystal Pool filed the instant "Verified Petition to Appoint an Arbitrator and Compel Arbitration." Trefin Tankers has not entered an appearance in this Court or responded in any way to Crystal Pool's petition. For the reasons that follow, Crystal Pool's petition to compel arbitration is granted.

---

28, 1995) (quoting Farmland Indus., Inc. v. Grain Bd. of Iraq, 904 F.2d 732, 734 n.1 (D.C. Cir. 1990)).

[3] Although the Petition indicates that Crystal Pool first requested arbitration "on or about October 11, 2012," Crystal Pool's initial letters are dated October 12, 2012. (See Pet. ¶¶ 8, 16, Exs. 1, 3.)

## DISCUSSION

### I.   Jurisdiction

As an initial matter, the Court notes that it has jurisdiction under the Federal Arbitration Act of 1925 ("the FAA"), 9 U.S.C. §§ 1-16, because the underlying dispute between Crystal Pool and Trefin Tankers arises under admiralty law.[4]   Because the FAA "does not constitute an independent grant of jurisdiction to the federal courts, a party seeking to compel arbitration in a federal court must establish an independent basis for subject matter jurisdiction." Zurich Ins. Co. v. Ennia Gen. Ins. Co., 882 F. Supp. 1438, 1439 (S.D.N.Y. 1995).  Section 4 of the FAA affords federal courts jurisdiction over motions to compel arbitration if they "would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties . . . ," 9 U.S.C. § 4, and Title 28 grants district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," 28 U.S.C. § 1333(1).  District courts thus have jurisdiction over petitions to compel arbitration where the underlying dispute arises under admiralty law.  See, e.g., Sunskar Ltd. v. CDII Trading, Inc., 828 F. Supp. 2d 604, 613 n.3, 620 (S.D.N.Y. 2011) (compelling arbitration and explaining that, "[b]ecause [the petitioner's] claim 'arises under' admiralty law, federal subject matter jurisdiction exists in this case"); Amoco Overseas Oil Co. v. Astir Navigation Co., Ltd., 490 F. Supp. 32, 35 (S.D.N.Y. 1979) ("It is clear that the case meets the jurisdictional requirements of [the FAA], since it involves a maritime contract and since the charter party contains an arbitration clause providing for arbitration in New York . . . .").

---

[4]   "Disputes arising out of a charter or a contract for the hire of a vessel are within admiralty jurisdiction."   1 Schoenbaum, ADMIRALTY AND MARITIME LAW § 3-10 at 186 n.21 (5th ed. 2011); see also Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961) ("Without doubt a contract for hire either of a ship or of the sailors and officers to man her is within the admiralty jurisdiction.").  As the underlying contract dispute between Crystal Pool and Trefin Tankers relates to the use of ships for transporting cargo over navigable waters, it fits squarely within the traditional bounds of admiralty law.

Moreover, because Crystal Pool and Trefin Tankers are both foreign corporations, the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 ("the Convention") and its implementing legislation, 9 U.S.C. §§ 201-08, provide an additional, independent basis for subject matter jurisdiction.   The Convention "applies to arbitration proceedings held in this country involving at least one party that is not a United States citizen," Commercial Risk Reinsurance Co. Ltd. v. Sec. Ins. Co. of Hartford, 526 F. Supp. 2d 424, 427 (S.D.N.Y. 2007), and "grants the district courts the power to compel arbitration" in such cases, Zurich, 882 F. Supp. at 1439-40 (compelling arbitration of a dispute pursuant to § 206 where both parties were foreign corporations).

The Court has personal jurisdiction over Trefin Tankers as well, as it has consented to arbitration in New York.  See, e.g., Farr & Co. v. CIA. Intercontinental De Navegacion De Cuba, S.A., 243 F.2d 342, 344 n.1, 346-48 & n.6 (2d Cir. 1957) (holding that a foreign corporation had consented to personal jurisdiction by signing a contract that provided for mandatory arbitration in New York); MidOil USA, LLC v. Astra Project Fin. Pty Ltd., No. 12 Civ. 8484 (PAC)(KNF), 2013 WL 4400825, at *1 (S.D.N.Y. Aug. 15, 2013) (concluding that court had jurisdiction over foreign defendant and noting that "the traditional minimum contacts analysis is unnecessary because the forum selection clause constitutes consent to jurisdiction").

## II.    The Arbitration Agreement

The FAA embodies "a liberal federal policy favoring arbitration agreements" and the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-26 (1983).  Indeed, "[t]he policy in favor of arbitration is even stronger in the context of international business transactions." David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd.

(London), 923 F.2d 245, 248 (2d Cir. 1991).  In ruling on a motion to compel arbitration, the

Court's "inquiry is two-fold:  whether the parties agreed to arbitrate, and, if so, whether the scope

of that agreement encompasses the asserted claims."  Id. at 249.

Crystal Pool and Trefin Tankers entered into valid agreements to arbitrate the present

dispute.  Their agreements were formalized in "fixtures," a typical method of forming charter

parties.  As the Second Circuit has explained:

> Charter parties are formed in two stages.  First, significant "main"
> terms are negotiated through brokers.  These terms usually include
> the name of the charterer, name of owner, ship and its
> characteristics, time and place of delivery, duration of charter, place
> of redelivery, hire rate, printed form upon which the contract is
> based, and any other term that a party deems important.  These are
> considered the "bare-bones" of the contract.  The "main" terms
> when agreed upon are entitled a "fixture."  Second, after a "fixture"
> has been reached, the parties continue to negotiate "details"
> amending the form contract specified in the "fixture."  These minor
> or side issues "flesh-out" the original agreement or fixture . . . .
> Where no amendment of details is agreed upon . . . the terms of the
> printed form govern.

Great Circle Lines, 681 F.2d at 125 (footnote omitted).  "It is well established in the Second Circuit

that a fixture containing the essential terms of the charter party contract constitutes a binding

agreement between the parties."  Keystone Shipping Co. v. Compagnie Marocaine de Navigation,

No. 89 Civ. 1028 (PKL), 1990 WL 104029, at *3 (S.D.N.Y. July 19, 1990).

Where, as here, the fixtures incorporate a standard form charter party that contains an

arbitration clause, that arbitration clause is binding on the parties.  See, e.g., Great Circle Lines,

681 F.2d at 126 (compelling arbitration and noting that "[t]he legal effect of adopting [the standard

form in the fixture] is inescapable—it provided the details for the charter, subject to change only

by further negotiation"); Keystone Shipping, 1990 WL 104029, at *2, 5 (compelling arbitration

where fixture incorporated a standard form charter party which contained an arbitration clause);

Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp., 455 F. Supp. 211, 213-14, 223-24 (S.D.N.Y.

1978) (same).  The arbitration clause contained in the ExxonMobil Voy2005 standard form is thus binding on Crystal Pool and Trefin Tankers and requires arbitration of their dispute.

It is also clear that the scope of the arbitration clause covers Crystal Pool's claims against Trefin Tankers.  The clause is a typical "broad" arbitration clause which provides that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration . . . "  See Daly Aff. Ex. 1, ¶ 35; JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 172-74 (2d Cir. 2004) (holding that identical clause was broad and compelling arbitration).  "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it."  Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001) (internal quotation marks omitted); see also Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 23 (2d Cir. 1995).  The broad arbitration clause here, therefore, plainly covers the parties' dispute over unpaid invoices as such a dispute directly relates to their rights and obligations under the charter parties.

Before compelling arbitration pursuant to the FAA, the Court must also determine that Trefin Tankers "failed, neglected, or refused to arbitrate."  Jacobs v. USA Track & Field, 374 F.3d 85, 88 (2d Cir. 2004).  The Court concludes that Trefin Tankers has, indeed, refused to arbitrate this matter.  The Second Circuit has stated that a party "unequivocally refuses to arbitrate . . . by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute."  LAIF X SPRL v. Axtel, S.A. de C. V., 390 F.3d 194, 198 (2d Cir. 2004) (quoting PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995)).  Trefin Tankers twice failed to respond to Crystal Pool's requests that it appoint an arbitrator, and it also has failed to appear in or respond to the proceedings in this Court.  Trefin

6

Tankers has thus unambiguously manifested a refusal to arbitrate. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Chopper Exp., Inc., No. 13 Civ. 3129 (JMF), 2013 WL 3062533, at *1 (S.D.N.Y. June 19, 2013) (finding that respondent had "unequivocally refuse[d] to arbitrate" where it had "neither opposed, nor responded to, Petitioner's arbitration demand letter . . . or the Petition in this case") (first alteration in original).

### III.   Costs and Attorneys' Fees

Crystal Pool requests costs and attorneys' fees but cites no authority in support of its request. A district court "may, pursuant to its inherent equitable powers, assess attorneys' fees and costs when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338, 118 F.3d 892, 898 (2d Cir. 1997) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Crystal Pool, however, has made no showing here that Trefin Tanker's failure to appoint an arbitrator or to appear in these proceedings evinces bad faith or an improper motive. Accordingly, the request is denied. See, e.g., Marciano v. DCH Auto Grp., No. 11 Civ. 9635 (KMK), 2014 WL 1612976, at *12 (S.D.N.Y. Mar. 31, 2014) (holding that a party's refusal to arbitrate did not justify granting attorneys' fees); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08 Civ. 3166 (NG), 2009 WL 2366591, at *4-5 (E.D.N.Y. July 31, 2009) (denying the defendants' request for costs and attorneys' fees despite concluding that the plaintiff's challenges to the arbitration clause were "without merit").

### CONCLUSION

For the reasons stated above, the Court grants Crystal Pool's petition to compel arbitration, but denies its request for costs and attorneys' fees. Arbitration shall take place in New York, New York in accordance with the arbitration clause in the charter parties. Trefin Tankers is directed to

appoint an arbitrator, pursuant to the terms of the arbitration clause, within fifteen days of the date of this Order.  If Trefin Tankers has not appointed an arbitrator within fifteen days, this Court will appoint one on its behalf, pursuant to the Court's authority under the FAA and the Convention.  9 U.S.C. §§ 5, 206.  The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated:      May 9, 2014
            New York, New York

                                        Ronnie Abrams
                                        United States District Judge